**JS-6**

**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. KIRKLAND,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>SAN BERNARDINO COURTS,<br><br>　　　　Respondent. | Case No. EDCV 16-01307-AG (KES)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION |

William R. Kirkland ("Petitioner"), a pro se inmate housed at Atascadero State Hospital, filed a habeas petition with this Court on June 20, 2016. (Dkt. 1).[1] The Petition purports to be directed to a 2008 San Bernardino County Superior Court judgment of conviction, for which Petitioner received an indeterminate sentence of 25 years in state prison. See People v. Kirkland, 2010 WL 2927371, at *1 (Cal.Ct. App. July 28, 2010). The Petition now pending, which is largely unintelligible, contends that the San Bernardino courts, district attorney's office, and other assorted

---

[1] Petitioner used a California state habeas petition form when filing the instant Petition. The Court has received two other state habeas petitions submitted by Petitioner, dated February 11, 2016, and April 28, 2016, which are duplicative of the instant Petition. They have been docketed as supplemental filings.

attorneys are part of an organized crime ring. (Dkt. 1 at 1-7.)

It appears from the face of the instant Petition that it is directed to the same judgment of conviction as a prior habeas petition filed by Petitioner in this Court on August 7, 2013, in Case No. EDCV 13-01512-AG (SH).[2] As noted by the Court at that time, the 2013 habeas petition did not address the fact or duration of Petitioner's confinement, alleging instead that the Superior Court judges who denied his state habeas petition were involved in organized crime. Because Petitioner did not state a cognizable claim for relief, this Court dismissed his petition on August 31, 2013.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective April 24, 1996. Section 106 of AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless—
>
> > **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[2] The Court takes judicial notice of its own files and records. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir.1988).

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The instant Petition constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition within the meaning of 28 U.S.C. § 2244(b). Therefore, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

IT THEREFORE IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 31, 2016

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

Karen E. Scott
United States Magistrate Judge